JORDAN, Circuit Judge, concurring.
 

 I join the majority opinion and write separately only to note that, even if we were to ignore the suppression hearing transcript and the press release and the
 
 Star Ledger
 
 article, there is still a sound basis to conclude that Roman has stated plausible claims for municipal liability. Our panel is united in understanding that we can properly consider the consent decree because it was provided to the District Court and was referenced and relied upon in Roman's amended complaint. Those two sources - the consent decree and the amended complaint - are sufficient to overcome the motion to dismiss the claims against the City of Newark.
 

 The consent decree supports the allegations in the amended complaint in a number of respects. For example, it expressly prohibits Newark Police officers "from relying on information known to be materially false or incorrect to justify a warrantless search or to seek a search warrant[.]" (App. at 158). A fair inference from that prohibition is that it was needed precisely because the police were often relying on false information to justify warrantless searches. That inference bolsters Roman's allegation that "[n]o drugs were found in [his] possession" and yet the police "arrested [him] and falsely charged him with possession of a controlled dangerous substance[.]" (App. at 263 ¶¶ 28-29).
 

 In another instance, the consent decree suggests that there has been a lack of training and supervision in the Newark Police Department. To remedy that deficiency, the consent decree requires the Department to "provide all officers with at least 16 hours of training on stops, searches, arrests, ... [and] training ... in ... Fourth Amendment issues" as well as mandating "desk lieutenant[s] or unit commander[s] [to] review each arrest report by officers under their command[.]" (App. at 159-61). The inference that there was inadequate training supports Roman's allegation that the Department's officers, "through their actions, inactions, course of conduct, poor or non-existent training and deficient supervision[,] caused ... [the] illegal deprivation of [his] liberty[.]" (App. at 265 ¶ 48).
 

 As a final example, the consent decree says that the Department must "conduct integrity audits and compliance reviews to identify and investigate all officers who have engaged in misconduct including unlawful ... searches[ ] and seizures[.]" (App. at 192). The need for such audits and reviews lends plausibility to Roman's allegation that the "City had a custom and
 practice of inadequately investigating ... citizens' complaints regarding illegal search and seizure[.]" (App. at 272 ¶ 84).
 

 Thus, looking only at the amended complaint together with the consent decree, and giving Roman the benefit of all favorable inferences, as we must at this stage, there is a sufficient basis to say that Roman has stated plausible claims for municipal liability under
 
 42 U.S.C. § 1983
 
 . Dismissal of those claims was therefore an error.